IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV186-03-MU

| | | |
|---|---|---|
| GREGORY AUSTIN GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| RICHARD NEELY; CATHERINE | ) | |
| BROWN; and JOHNATHAN REID, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint filed on

May 7, 2009 pursuant to 42 U.S.C. § 1983 (Doc. No. 1.)  Plaintiff alleges that on September 17,

2008 while on work release at Charlotte Correction he was told that "[he] could only use outside

transportation provided by D & R Transportation Services of Reidsville N.C. at a rate of $11.25 per

day, or [he] would not be allowed to participate in the work-release program. Plaintiff contends that

defendants denied him a civil right protected by federal law.  Plaintiff relies on exhibit A to his

Complaint which appears to be a N.C. Department of Correction ("DOC") Policy regarding inmate

transportation while on work release.  Such policy states that "inmate transportation to and from the

work-site may be provided by the Department of Correction by public transportation or by private

individuals. Subject to the restrictions found in the Division of Prisons' Manual at 2E.0700.  The

policy goes to state that prison transportation is transportation furnished by the DOC and "outside

transportation" is furnished by an outside vendor and that the facility shall ensure that payment rates

are reasonable.  (Ex. A to Complaint.)  Plaintiff seems to contend that this public versus private

transportation somehow created a liberty interest for him such that his Constitutional rights have

been violated. Plaintiff asks for injunctive relief[1] and compensatory and punitive damages from Defendants.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. First, the Court notes that to the extent that Plaintiff is challenging the validity of his confinement or the execution of his sentence, his claim sounds in habeas and not pursuant to 42 U.S.C. § 1983. Next, North Carolina laws do not create a liberty interest in work release programs. O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991). Therefore, it would be difficult to imagine that a transportation policy providing transportation to a work-release program would create any such liberty interest. Here, Plaintiff is not contending that he has a liberty interest in work-release, but instead that he was "not allowed equal access/opportunity to chose/use alternative means of transportation thats (sic) authorized within D.O.C. Policy & Procedure Work-release Fund tab 1c fiscal administration # 0300; 310 Inmate Transportation."[2] A review of a page of the policy to which Plaintiff cites and which he includes as exhibit A to his Compliant, reveals that inmates are provided transportation to and from the work-site. Transportation methods include prison transportation at a nominal cost and outside transportation at a "reasonable" cost.[3]

While the policy does not seem to indicate how the decision is made regarding the different modes of transportation as to each individual inmate, the fact that North Carolina laws do not create

---

[1] The Court notes that principles of federalism limit the scope of a federal court's power to intervene in the internal operations of state and local agencies.

[2] It seems Plaintiff signed a contract regarding his work-release and transportation to his work site. (See Complaint at 5.)

[3] Outside transportation is further separated into that provided by businesses and that provided by an individual.

a liberty interest in work release, leads this Court to conclude that there is likewise no liberty interest in the method of transportation to the work-site so long as some transportation is provided. In any event, Plaintiff has provided no evidence other than his conclusory allegations.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.[4]

**SO ORDERED.**

Signed: May 12, 2009

Graham C. Mullen
United States District Judge

---

[4] Moreover, the Court notes that while Plaintiff attached a copy of his grievance to his Complaint, such grievance may not have been fully exhausted as is required pursuant to the Prison Litigation Reform Act ("PLRA"). Specifically, 42 U.S.C. § 1997e(a) states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2003).